UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GEORGE TERRY LANGLEY,<br><br>Plaintiff,<br><br>v.<br><br>GEICO GENERAL INSURANCE COMPANY,<br><br>Defendant. | No.   1:CV-14-3069-SMJ<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

Before the Court, without oral argument, is Plaintiff George Langley's Motion for Reconsideration of the Court's August 29, 2014 Order Granting Defendant's Motion to Compel Appraisal, ECF No. 26. Having reviewed the pleadings and the file in this matter, the Court is fully informed and denies the motion for the reasons that follow.

A motion for reconsideration is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. AC&S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "[A] motion for reconsideration should not be granted, absent highly

ORDER **-** 1

unusual circumstances." *389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999). A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Id.*; *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000).

After reviewing the pleadings, the record in this matter, and the applicable authorities, the Court is fully informed and finds that Plaintiff has not met this standard. The Court sufficiently addressed Plaintiff's legal arguments in its August 29, 2014 Order, and the Court does not find error in its decision.

The record is as equally clear that Plaintiff never provided a sworn proof of loss as it is clear that Defendant never provided Plaintiff any specific form to complete. However,

> [c]ompliance with the insurance contract's requirements in case of loss provision is met in Washington when the insured's submissions fulfill the purpose of the proof of loss. The purpose of a provision for proof of loss is to afford the insurer an adequate opportunity for investigation, to prevent fraud and imposition upon it, and to enable it to form an intelligent estimate of its rights and liabilities before it is obliged to pay. Its object is to furnish the insurer with the particulars of the loss and all data necessary to determine its liability and the amount thereof.

*Kabrich v. Allstate Prop. & Cas. Ins. Co.*, CV-12-3052-LRS, 2014 WL 3925493 (E.D. Wash. Aug. 12, 2014) *citing* 14 Couch, Cyclopedia of Insurance Law (2d ed) § 49:373, p. 15. Counsel's arguments based upon WAC 284-30-360(4) are

ORDER **-** 2

belied by the fact that the record is replete with letters from Defendant which "provide necessary . . . instruction . . . so that [Plaintiff could] comply with . . . the insurer's reasonable requirements." These letters requested additional information pertaining to bank records, authorizations to attain those records, and for production of the IRS documentation for the cash purchases. This documentation, in light of the two $40,000 cash payments, was reasonably required by the insurer to determine its liability and the actual amount Plaintiff paid for the vehicle, especially where Plaintiff asserted loss in the full value of his purchase price.

Accordingly, **IT IS HEREBY ORDERED**:  Plaintiff's Motion for Reconsideration of the Court's August 29, 2014 Order Granting Defendant's Motion to Compel Appraisal, **ECF No. 26**, is **DENIED.**

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 6th day of October 2014.

_____
SALVADOR MENDOZA, JR.
United States District Judge