UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GEORGE TERRY LANGLEY,<br><br>Plaintiff,<br><br>v.<br><br>GEICO GENERAL INSURANCE COMPANY,<br><br>Defendant. | No.   1:14-CV-3069-SMJ<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT** |

## I.     <u>INTRODUCTION</u>

Before the Court, without oral argument, is Defendant GEICO General Insurance Company's Motion for Partial Summary Judgment Regarding IFCA Claim, ECF No. 49.  Defendant seeks dismissal of Plaintiff's Insurance Fair Conduct Act (IFCA) Claim because there was no denial of coverage or benefits. Having reviewed the pleadings and the file in this matter, the Court is fully informed and denies the motion finding that the IFCA claim may proceed either as an unreasonable denial of payment of benefits or for violating an enumerated Washington Administrative Code (WAC) provision.

ORDER - 1

## II. BACKGROUND

**A.    Factual Background[1]**

This case involves a dispute over a Recreational Vehicle ("RV") insured by GEICO under policy of insurance number 4262593512. The RV was purchased with a salvage title by Sunwest through an online Co-Part auction for $50,500 on August 16, 2012. Sunwest allegedly repaired the vehicle and sold it to Plaintiff for $270,000. ECF No. 6-D. On April 18, 2013, Plaintiff purchased GEICO policy of insurance No. 4262593512. On June 10, 2013, the RV was completely destroyed by fire while being driven to a Pasco dealership by a Sunwest employee. GEICO offered to pay plaintiff the original purchase price for the salvage title RV of $50,500 by correspondence dated February 19, 2014. ECF No. 6-M.

**B.    Procedural Background**

On May 6, 2014, Plaintiff filed the current lawsuit against Defendant in Yakima County Superior Court, which Defendant subsequently removed to this Court on May 27, 2014. ECF No. 1.

//

---

[1] In ruling on the motion for summary judgment, the Court has considered the facts and all reasonable inferences therefrom as contained in the submitted affidavits, declarations, exhibits, and depositions, in the light most favorable to the party opposing the motion. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999). However, in considering the facts, the Court does not rely on conclusory allegations unsupported by factual data, *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993), nor does the Court rely upon facts contained in affidavits which directly contradict the affiants prior deposition testimony, *Burrell v. Star Nursery, Inc.*, 170 F.3d 951, 955 (9th Cir. 1999).

On July 1, 2014, Defendant moved to compel compliance with the insurance policy's appraisal provision. ECF No. 5. After the Court granted the appraisal on August 29, 2014, ECF No. 25, Plaintiff sough reconsideration, ECF No. 26, which was denied, ECF No. 30. Subsequently, Defendant moved twice to compel Plaintiff's compliance with the appraisal process, ECF Nos. 31 & 41, which the Court subsequently granted. ECF No. 47.

On November 4, 2014, Defendant moved to dismiss Plaintiff's claim for *Olympic Steamship* attorney fees on the grounds that no denial of coverage occurred. ECF No. 36. On December 8, 2014, the Court dismiss the *Olympic Steamship* attorney fee claim based upon Plaintiff concurring that dismissal was proper, ECF No. 37. ECF No. 48.

On December 18, 2014, Defendant filed for partial summary judgment on Plaintiff's IFCA claim. ECF No. 49. On February 12, 2015, the Court was advised that the appraisal process will not conclude until the end of March 2015. ECF No. 70 at 4.

### III.　MOTION FOR PARTIAL SUMMARY JUDGMENT

**A.　Legal Standard**

Summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once a party has moved for summary

judgment, the opposing party must point to specific facts establishing that there is a genuine dispute for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). If the nonmoving party fails to make such a showing for any of the elements essential to its case for which it bears the burden of proof, the trial court should grant the summary judgment motion. *Id.* at 322. "When the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal citation omitted) (emphasis in original). When considering a motion for summary judgment, the Court does not weigh the evidence or assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). When considering the summary judgment motion, the Court 1) took as true all undisputed facts; 2) viewed all evidence and drew all justifiable inferences therefrom in non-moving party's favor; 3) did not weigh the evidence or assess credibility; and 4) did not accept assertions made that were flatly contradicted by the record. *See Scott v. Harris*, 550 U.S. 372, 380 (2007); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

ORDER - 4

**B.    Discussion**

Defendant seeks summary judgment on Plaintiff's IFCA claim because there was no denial of coverage or benefits. However, the parties dispute what causes of action exist under the IFCA. Accordingly, this Court first construes the provisions of the IFCA and then proceeds to address Defendant's motion.

1.    Insurance Fair Conduct Act, RCW 48.30.015

The Washington State legislature passed the IFCA and referred it for a vote of the people as Referendum 67 in 2007. Voters approved Referendum 67 on November 6, 2007. The parties dispute what causes of action are available under the IFCA, codified at RCW 48.30.015.

To determine what causes of action are available, the Court must turn to any controlling Washington Supreme Court precedent interpreting the applicable statute. In the absence of controlling Washington Supreme Court precedent, the Court is *Erie*-bound to apply the law as it believes the Washington Supreme Court would do so under the circumstances. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938); *Commissioner v. Estate of Bosch*, 387 U.S. 456, 465 (1967) ("If there is no decision by [the state supreme] court then federal authorities must apply what they find to be the state law after giving 'proper regard' to relevant rulings of other courts of the State").

//

ORDER **-** 5

*a.     Existing Case Law*

Here, neither party cites, nor has this Court found, any Washington Supreme Court precedent interpreting RCW 48.30.015. However, the parties do point to one nonbinding Washington appellate decision. In *Ainsworth*, the Washington Court of Appeals addressed RCW 48.30.015(1) finding that the section describes "two separate acts giving rise to an IFCA claim. The insured must show the insurer unreasonably denied a claim for coverage or that the insurer unreasonably denied payment of benefits. If either or both acts are established, a claim exists under IFCA." *Ainsworth v. Progressive Cas. Ins. Co.*, 180 Wn. App. 52, 79 (2014) (not addressing RCW 48.30.015(5), finding a reasonable jury could reach only the conclusion that both an unreasonable denial of coverage and an unreasonable denial of payment occurred). Accordingly, neither party appears to dispute that a cause of action can arise from either an unreasonable denial of coverage or an unreasonable denial of payment of benefits.

However, Plaintiff maintains a third cause of action exists. Plaintiff maintains that a violation of the enumerated WAC provisions cited in RCW 48.30.015(5) is an independent basis for a cause of action, regardless of coverage or benefits. To refute Plaintiff's interpretation, Defendant points to a line of federal court opinions. Reviewing the progeny of Washington federal court cases

ORDER - 6

addressing RCW 48.30.015, the Court is not persuaded that they provided a proper interpretation of RCW 48.30.015.

The line of federal court opinions began in 2010 in the Western District of Washington. The *Travelers* Court, looking only at RCW 48.30.015(1), found no violation of the IFCA because the denial of coverage was reasonable. *Travelers Indem. Co. v. Bronsink*, C08-1524JLR, 2010 WL 148366, at *2 (W.D. Wash. Jan. 12, 2010). Subsequently, in *Bronsink*, Judge Pechman stated that "[t]here are two ways by which an insurer can violate the IFCA. One is by "unreasonably" denying coverage . . . The IFCA also enumerates several sections of the Washington Administrative Code ("WAC"), the violation of any one of which will trigger a violation of the statute." *Bronsink v. Allied Prop. & Cas. Ins. Co.*, C09-751MJP, 2010 WL 2342538, at *2 (W.D. Wash. June 8, 2010). However, the *Bronsink* opinion provides no explanation for how the Court reached the conclusion that the WACs were independently actionable under the IFCA. After *Bronsink*, a subsequent opinion by Judge Lasnik reached the opposite conclusion. In *Lease*, a plaintiff did not allege a denial of coverage or payment, but instead argued that a violation of WAC 284-30-330 constituted a per se violation of the IFCA. *Lease Crutcher Lewis WA, LLC v. Nat'l Union Fire Ins. Co.*, C08-1862RSL, 2010 WL 4272453, at *5 (W.D. Wash. Oct. 15, 2010). The Court disagreed without addressing the prior opinion in *Bronsink* and found that "[t]he

ORDER - 7

language of the statute does not support plaintiff's argument. A violation of WAC 284-30-030 may justify the imposition of treble damages under RCW 48.30.015(2) and/or an award of fees and costs under RCW 48.30.015(3), but an underlying denial of coverage is still required." *Id*. The decisions in *Travelers* and *Lease* were then cited favorably by Judge Robart when he reached the same conclusion finding "[v]iolation of the regulations enumerated in RCW 48.30.015(5) provide grounds for trebling damages or for an award of attorney's fees; they do not, on their own, provide a cause of action absent an unreasonable denial of coverage or payment of benefits." *Weinstein & Riley, P.S. v. Westport Ins. Corp.*, C08-1694JLR, 2011 WL 887552, at *30 (W.D. Wash. Mar. 14, 2011).

While in *Bronsink* Judge Pechman initially found violations of the WACs sufficient to trigger a violation of the IFCA, she subsequently retracted that position in two later opinions. *See MK Lim, Inc. v. Greenwich Ins. Co.*, C10-374MJP, 2011 U.S. Dist. LEXIS 126395 *7-8 (W.D. Wash. May 23, 2011) (After citing favorably to *Travelers*, *Lease*, and *Weinstein,* the Court noted its prior opinion in *Bronsink* and stated that the "Court is not convinced [*Bronsink*] is a proper reading of IFCA." "The Legislature only provided a cause of action to one who has suffered an unreasonably denial of coverage, not merely one who can show a violation of one of the enumerated the [sic] WACs."); *Pinney v. American Family Mut. Ins. Co.*, C11-175MJP, 2012 WL 584961 *5 (W.D. Wash. Feb. 22,

ORDER **-** 8


2012) ("Here, the Court follows the analysis of [*Travelers*, *Lease*, and *Weinstein*] and finds a violation of one of the enumerated WAC provisions alone is not sufficient to sustain a cause of action under IFCA.").

The remaining federal authority rejecting a cause of action for a WAC violation all reference back to the same cases in the Western District of Washington. *See e.g. Cardenas v. Navigators Ins. Co.,* C11-5578 RJB, 2011 WL 6300253, at *6 (W.D. Wash. Dec. 16, 2011) (citing to *Weinstein* and *Travelers* for the proposition that the WACs do not alone provide a IFCA cause of action); *Morella v. Safeco Ins. Co. of Illinois*, C12-0672RSL, 2013 WL 1562032, at *3 (W.D. Wash. Apr. 12, 2013) (same); *Kabrich v. Allstate Prop. & Cas. Ins. Co.,* CV-12-3052-LRS, 2014 WL 3925493, at *11 (E.D. Wash. Aug. 12, 2014) (citing *Weinstein*); *Babcock v. ING Life Ins. & Annuity Co.*, 12-CV-5093-TOR, 2013 WL 24372, at *8 (E.D. Wash. Jan. 2, 2013) (citing to *Cardenas* and *Weinstein*).

However, recently, authority in the Eastern District of Washington has begun to reject the precedent set by the Western District. *See Merrill v. Crown Life Ins. Co.*, 13-CV-0110-TOR, 2014 WL 2159266 (E.D. Wash. May 23, 2014) ("The statute creates a private right of action against an insurer which (1) "unreasonably denie[s] a claim for coverage or payment of benefits"; and/or (2) violates one of several claims handling regulations promulgated by the Washington State Office of the Insurance Commissioner. RCW 48.30.015(1),

ORDER **-** 9

(5)."); *Hell Yeah Cycles v. Ohio Sec. Ins. Co.*, 16 F.Supp.3d 1224, 1235-36 (E.D. Wash. Apr. 28, 2014) ("The statute also specifies that a first-party claimant may sue his or her insurance company for violating any of the claims-handling regulations promulgated by the Washington State Office of the Insurance Commissioner at WAC 284–30–330 *et seq.* RCW 48.30.015(5).").[2] Similarly, this Court, without providing a full explanation of its reasoning, stated in a discovery dispute that "it is a violation of the IFCA for an insurer to refuse to pay claims without conducting a reasonable investigation. WAC 284–30–330(4)." *Hover v. State Farm Mut. Auto. Ins. Co.*, No. CV-13-05113-SMJ, 2014 WL 4239655, at *4 (E.D. Wash. Aug. 26, 2014) reconsideration denied, No. 13-CV-05113-SMJ, 2014 WL 4546048 (E.D. Wash. Sept. 12, 2014)(" Defendant believes this was manifest error because 'the only thing that gives rise to an IFCA violation is an unreasonable denial of a claim for coverage or payment of benefits.' ECF No. 57 at 5. This is false.").

Ultimately, having reviewed the existing case law, the Court is not persuaded that an IFCA cause of action requires a denial of coverage or benefit. Most of the authority cited is premised upon the rulings in *Travelers*, *Lease*, and *Weinstein*. However, *Travelers* only addressed RCW 48.30.015(1) and did not

---

[2] The Court notes that in 2013 *Babcock* opinion Judge Rice followed the holdings from the Western Washington progeny of cases, but subsequently in *Merrill* and *Hell Yeah Cycles* appears to be moving back toward the initial finding in *Bronsink* by adding the "and/or violates one of several claims handlings regulations" and citing to "RCW 48.30.015(5)" for a cause of action.

discuss the possible implications of RCW 48.30.015(2), (3), and (5). Additionally, *Lease* and *Weinstein* limited its analysis of RCW 48.30.015(5) as enumerating WACs which give rise to treble damages, costs, and fees under RCW 48.30.015(2) and (3). The opinions do not provide any analysis of the statutory construction they utilized to reach their conclusions, and appear to only be looking for express causes of action without determining whether the IFCA creates an implied cause of action for violating an enumerated WAC.[3]

### b. *Implied Cause of Action*

The legislature may implicitly or explicitly create a cause of action. *See Ducote v. Dep't of Soc. & Health Servs.*, 167 Wn.2d 697, 702–03 (2009). Whether a statute creates a cause of action is a matter of statutory construction. *Transamerica Mortg. Advisors, Inc. v. Lewis*, 444 U.S. 11, 15 (1979). Under the ordinary rules of statutory construction, all of the words of the statute must be given effect, so that no provision is rendered meaningless or superfluous. *State v. Roggenkamp*, 153 Wn.2d 615, 624 (2005). As in most matters of statutory construction, the ultimate goal is to determine the intent of the legislature. *See Transamerica*, 444 U.S. at 15–16. If the legislature does not expressly create a cause of action, the Washington Supreme Court utilizes a three-part test to determine the legislature's intent. *Bennett v. Hardy*, 113 Wn.2d 912, 920–21

---

[3] The Court concurs with the conclusions in *Bronsink*, *Merrill*, and *Hell Yeah Cycles* that a cause of action exists for violating the WACs, but as those opinions do not explain how their conclusions were reached, the Court provides a full explanation of its reasoning.

ORDER **-** 11

(1990).  The Court must determine whether the plaintiff is "within the class for whose 'especial' benefit the statute was enacted"; whether "legislative intent, explicitly or implicitly, supports creating or denying a remedy"; and "whether implying a remedy is consistent with the underlying purpose of the legislation." *Id.*  Implied causes of action are based upon the assumption that "'the legislature would not enact a remedial statute granting rights to an identifiable class without enabling members of that class to enforce those rights.'"  *Bennett*, 113 Wn.2d at 919–20, (quoting *McNeal v. Allen*, 95 Wn.2d 265, 277 (1980) (Brachtenbach, J., dissenting)).

### i. *Plaintiff is Within the Class Protected by the Statute*

The first part of the test is satisfied because Plaintiff is "within the class for whose 'especial' benefit the statute was enacted."  *Bennett*, 113 Wn.2d at 920.  RCW 48.30.015 was enacted to provide insureds with a legal recourse against their insurer independent from the Consumer Protection Act.  Plaintiff is a first party claimant under an insurance policy who's interest the legislature sought to protect.

### ii. *Legislative Intent Supports Creating a Claim*

The second part of the test is satisfied because there are two sources of explicit legislative intent to create a claim for violating the enumerated WACs.

//

The language in the statute provides support for creating a claim. Under the ordinary rules of statutory construction, all of the words of the statute must be given effect, so that no provision is rendered meaningless or superfluous. *State v. Roggenkamp*, 153 Wn.2d 615, 624 (2005). The statue provides a list of rules for which a violation "is a violation for the purposes of subsections (2) and (3) of this section." RCW 48.30.015(5). Subsections (2) and (3) provide

> (2) The superior court **may**, after finding that an insurer has acted unreasonably in denying a claim for coverage or payment of benefits **or has violated a rule in subsection (5) of this section**, increase the total award of damages to an amount not to exceed three times the actual damages.
>
> (3) The superior court **shall**, after a finding of unreasonable denial of a claim for coverage or payment of benefits, **or after a finding of a violation of a rule in subsection (5) of this section**, award reasonable attorneys' fees and actual and statutory litigation costs, including expert witness fees, to the first party claimant of an insurance contract who is the prevailing party in such an action.

RCW 48.30.015(2), (3) (emphasis added). Defendant maintains subsections (2) and (3) limit violations of subsection (5) to damages. However, such an interpretation renders all of subsection (5) superfluous and meaningless. If, as Defendant argues, a denial of coverage or benefits is necessary to maintain a cause of action, then in every case in which such a denial of coverage or benefits exists the "court shall" award reasonable fees and costs and "may" award treble damages. RCW 48.30.015(2), (3). Accordingly, under Defendant's theory, in every IFCA claim the plaintiff either 1) fails to demonstrate a denial of coverage

ORDER - 13

or benefits and the claim is dismissed, or 2) demonstrates a denial of coverage or benefits, and on that fact alone, the court has the discretion to aware treble damages and is required to award fees and costs. Therefore, a violation of subsection (5) would always be immaterial because the denial of coverage or benefit would always be independently sufficient to compel the award of fees and costs, thus rendering all of subsection (5) superfluous and meaningless. The legislature wrote subsections (2) and (3) in the disjunctive "or" and therefore when interpreting the statute the Court must give each disjunctive clause effect. The legislature mandated that a court award attorney fees and costs "after a finding of a violation of a rule in subsection (5)." The only way for this mandate to have any meaning is if plaintiffs have a cause of action for a violation of subsection (5).

This interpretation of the IFCA is furthers supported by Referendum 67's explanatory statement. The effect of Referendum Measure 67 was explained to the voters as follows:

> ESSB 5726 would authorize any first party claimant to bring a lawsuit in superior court against an insurer for unreasonably denying a claim for coverage or payment of benefits, **or violation of specified insurance commissioner unfair claims handling practices regulations**, to recover damages and reasonable attorney fees, and litigation costs.

Explanatory Statement, Referendum Measure 67, *State of Washington Voters' Pamphlet*, Office of the Secretary of State, at 14 (Nov. 6, 2007),

ORDER **-** 14

1  http://www.sos.wa.gov/_assets/elections/Voters%27%20Pamphlet%202007.pdf

2  ("The Explanatory Statement was written by the Attorney General as required by

3  law and revised by the court.") (emphasis added).  Thus, when voters approved

4  the passage of the IFCA, a violation of the specified regulations, i.e. subsection

5  (5), was contemplated as a basis to bring a lawsuit.

6        Accordingly, the Court finds legislative intent to create a claim for violating

7  the enumerated WACs in both the language in the statute and the explanation of

8  that language provided to the voters.

                              *iii.*     *Implied Remedy Is Consistent with the IFCA's Purpose*

10        Finally, the Court finds implying a remedy is consistent with the IFCA's

11  purpose to provide fairness in the insurance claim process and encourages insurers

12  to engage in fair claims settlement practices.  *See Trinity Universal Ins. Co. of*

13  *Kansas v. Ohio Cas. Ins. Co.*, 176 Wn. App. 185, 201 (2013) ("The purpose of

14  IFCA is to protect individual policy holders from unfair practices by their

15  insurers.").

16             *c.*     <u>Conclusion</u>

17        Accordingly, the Court finds that at a minimum, an independent implied

18  cause of action exits under the IFCA for a first party claimant to bring a suit for a

19  violation of the enumerated WAC provisions in RCW 48.30.015(5).  The Court

20  rejects the progeny of cases from the Western District of Washington which

ORDER - 15

reached a different conclusion, and concurs with the conclusion of Judge Rice's 2014 opinions in *Merrill* and *Hell Yeah Cycles*.

2. Application to Defendant's Motion

Based upon the foregoing analysis, to maintain a cause of action under the IFCA, Plaintiff must prove either 1) an unreasonable denial of a claim for coverage, 2) an unreasonable denial of payment of benefits, or 3) a violation of WAC 284-30-330, 350, 360, 370, 380, or an unfair claim settlement practice rule adopted under RCW 48.30.010 by the insurance commissioner that is codified in chapter 284-30 of the Washington Administrative Code. RCW 48.30.015(1), (5).

a. *Unreasonable Denial of a Claim for Coverage*

The parties concur that no denial of coverage occurred and Plaintiff states his IFCA claim is only for denial of payment of benefits and for violating specific WAC regulations. ECF No. 53 at 6. Accordingly, there is no IFCA claim for denial of coverage.

b. *Unreasonable Denial of Payment of Benefits*

First, Defendant's motion does not place reasonableness before the Court. ECF No. 59 at 2 ("the issue of reasonableness . . . is not before the [C]ourt"). The only issue of reasonableness this Court has addressed was the reasonableness of documents requested of the insured in Defendant's investigation of the loss, applied only to the interpretation of the contractual provisions necessary to

determine whether an appraisal could be compelled. ECF Nos. 25 & 30. Furthermore, neither party has provided a factual statement required under Local Rule 56.1. Accordingly, the Court's inquiry must be limited to whether Plaintiff's allegation is sufficient to proceed as a denial of payment of benefits.

Defendant argues no denial of payment of benefits occurred because Defendant offered to pay Plaintiff $50,500 on February 19, 2014, and then maintains a valuation dispute arose. However, Plaintiff appears to maintain he was denied payment of the benefit of his insurance policy when he was offered the "extreme low-ball valuation of the R.V." ECF No. 53 at 6. In determining what is sufficient to maintain a denial of payment of benefit claim, the Court is guided by the following:

> The Court must construe "denial of payments of benefits" to determine whether an outright refusal to pay a specific benefit promised by the policy is required or whether an unreasonably low payment will trigger the statute. Having reviewed RCW 48.30.015 as a whole and virtually all of the relevant case law, the Court concludes that an insurer cannot escape IFCA simply by accepting a claim and paying or offering to pay an unreasonable amount. The benefits to which a first-party insured is entitled are generally described as payment of the reasonable expenses or losses incurred as a result of an insured event. . . Where the insurer pays or offers to pay a paltry amount that is not in line with the losses claimed, is not based on a reasoned evaluation of the facts (as known or, in some cases, as would have been known had the insurer adequately investigated the claim), and would not compensate the insured for the loss at issue, the benefits promised in the policy are effectively denied. If, on the other hand, the insurer makes a reasonable payment based on the known facts or is making a good faith effort to appropriately value the loss, the fact that the insured did not immediately get all of the

ORDER - 17

benefits to which it may ultimately be entitled does not establish an "unreasonable denial of payment of benefits."

*Morella v. Safeco Ins. Co. of Illinois*, No. C12-0672RSL, 2013 WL 1562032, at *3 (W.D. Wash. Apr. 12, 2013) (citations omitted). The Court finds *Morella* provides a persuasive interpretation of how to evaluate a claim for a denial of payment of benefits when an offer is made but the value is disputed. However, the Court does not have before it a sufficient factual position from either party to determine the reasonableness of the valuation and further notes that the appraisal process is ongoing. Accordingly, at this time the Court cannot determine whether summary judgment is appropriate on Plaintiff's unreasonable denial of payment of benefits IFCA claim.

### c. *Violation of the Enumerated WACs*

Finally, as neither party has briefed the basis for the alleged enumerated WAC violations under RCW 48.30.015(5), the Court cannot determine the merits of the claim nor whether summary judgment is appropriate. Instead, all that can be stated is that based upon the foregoing analysis Plaintiff may pursue applicable WAC violations as an IFCA claim.

## IV. **CONCLUSION**

Therefore, the Court denies Defendant's motion finding that on the records so far presented, Plaintiff may proceed on an IFCA claim on either a theory of an unreasonable denial of payment of benefits or a violation of an enumerated WAC.

ORDER - 18

Accordingly, **IT IS HEREBY ORDERED**: Defendant's Motion for Partial Summary Judgment Regarding IFCA Claim, **ECF No. 49**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 24th day of February 2015.

_____
SALVADOR MENDOZA, JR.
United States District Judge