The Honorable Judge Salvador Mendoza
Hearing Date: May 1, 2015
Trial Date: August 17, 2015

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GEORGE TERRY LANGLEY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GEICO GENERAL INSURANCE COMPANY,<br><br>　　　　Defendant. | No. 1:14-cv-03069-SMJ<br><br>**MOTION TO COMPEL APPRAISAL OF PLAINTIFF'S LOSS OF USE DAMAGES**<br><br>**NOTE ON MOTION CALENDAR: May 1, 2015** |

## I.　INTRODUCTION

**COMES NOW** Defendant Geico General Insurance Company ("GEICO"), by and through its counsel of record, Cole | Wathen | Leid | Hall, P.C., and respectfully requests that this Court issue an order compelling appraisal of plaintiff's loss of use damages as there is a value dispute between the parties.

## II.　FACTS

GEICO relies upon this Court's recitation of background facts and procedural background set forth in ECF No. 119, incorporates the same herein, and sets forth additional facts only as necessary to support this motion.

No. 1:14-cv-03069-RMP
MOTION TO COMPEL APPRAISAL OF LOSS OF USE – 1
P:\FILES\Langley, George  13168\Pleadings\Motion to Compel Appraisal of Loss of Use.doc

COLE | WATHEN | LEID | HALL, P.C.
303 Battery Street
Seattle, Washington  98121-1419
(206) 622-0494/Fax (206) 587-2476

Plaintiff's Complaint contains an allegation for loss of use of the subject RV. ECF No. 102 at 2. GEICO moved for partial summary judgment on plaintiff's loss of use claim on February 13, 2015, alleging that plaintiff's loss of use amounts to zero. ECF No. 73. This Court allowed plaintiff's loss of use claim to proceed on the basis that valuation of the RV's lost use was not fixed by plaintiff's inability to operate the vehicle at the time of loss. ECF No. 119 at 14-16.

GEICO insured plaintiff's RV under policy number 4262593512. ECF No. 6-A. The policy provides that when GEICO and an insured cannot agree as to the amount of damages as the result of a covered loss, either party may invoke "appraisal" under the Policy. The "appraisal process" is set forth as follows:

> SECTION III: PHYSICAL DAMAGE COVERAGES
> CONDITIONS
> 6. APPRAISAL
>
> If **we** and the **insured** do not agree on the amount of **loss,** either may, within 60 days after proof of loss is filed, demand an appraisal of the **loss.** In that event, we and the **insured** will each select a competent appraiser. The appraisers will select a competent and disinterested umpire. The appraisers will state separately the **actual cash value** and the amount of the **loss.** If they fail to agree, they will submit the dispute to the umpire. An award in writing of any two will determine the amount of the **loss.** We and the **insured** will each pay his chosen appraiser and will bear equally the other expenses of the appraisal and umpire.

ECF No. 6-A at 16 (emphasis in original).

No. 1:14-cv-03069-RMP
MOTION TO COMPEL APPRAISAL OF LOSS OF USE – 2
P:\FILES\Langley, George 13168\Pleadings\Motion to Compel Appraisal of Loss of Use.doc

COLE | WATHEN | LEID | HALL, P.C.
303 Battery Street
Seattle, Washington 98121-1419
(206) 622-0494/Fax (206) 587-2476

This Court previously ordered appraisal of the pre-loss value of the RV on August 29, 2014.  ECF No. 25.  On January 9, 2015, plaintiff's expert and appraiser, David Smith, provided a report at his deposition detailing loss of use damages in excess of $156,039.82.  **Exhibit A.**  GEICO maintains that plaintiff's loss of use damages are zero.  *See* ECF No. 73.

Accordingly, the parties do not agree on the amount of loss of use damages – a component of the loss contemplated under the appraisal provision of the policy.  Mr. Smith's report was not provided before GEICO's initial motion to compel appraisal.  On April 17, 2015, counsel for GEICO sent plaintiff a letter requesting appraisal of plaintiff's alleged loss of use damages.  **Exhibit B.**  No response was forthcoming.  Decl. of Jonathan R. Missen.  GEICO now respectfully moves this Court to include plaintiff's loss of use claim in the May 28, 2015, appraisal.

### III. <u>EVIDENCE RELIED UPON</u>

1. Declaration of Jonathan R. Missen with attached exhibits thereto; and

2. The pleadings and file herein.

### IV. <u>LEGAL ARGUMENT</u>

**A.  Legal Standard Applicable to Appraisal Provisions**

No. 1:14-cv-03069-RMP
MOTION TO COMPEL APPRAISAL OF LOSS OF USE – 3
P:\FILES\Langley, George  13168\Pleadings\Motion to Compel Appraisal of Loss of Use.doc

COLE | WATHEN | LEID | HALL, P.C.
303 Battery Street
Seattle, Washington  98121-1419
(206) 622-0494/Fax (206) 587-2476

Washington courts have long upheld and enforced appraisal clauses in insurance policies "upon the grounds of sound public policy. They tend to (sic) fair dealing and to the prevention of litigation." *Keesling v. Western Fire Ins. Co.*, 10 Wash. App. 841, 846, 520 P.2d 622, 626 (1974); See also*: State Farm General Ins. Co. v. Emerson*, 102 Wn.2d 477, 480, 687 P.2d 1139 (1984). Courts construe insurance policies as contracts. *Quadrant Corp. v. American States Ins. Co.*, 154 Wn.2d 165, 171 (2005). "[I]f the policy language is clear and unambiguous," the court "must enforce it as written;" the court "may not modify it or create ambiguity where none exists." *Id* at 171.

**B.    Appraisal on Loss of Use is Appropriate because it is Part of the Loss and There is a Value Dispute.**

An insurance policy is a contract and is to be construed according to the general rules applicable to all contracts. The GEICO policy sets forth the procedure and scope of "appraisal" in detail:

APPRAISAL

If **we** and the **insured** do not agree on the amount of **loss,** either may, within 60 days after proof of loss is filed, demand an appraisal of the **loss.** In that event, we and the **insured** will each select a competent appraiser. The appraisers will select a competent and disinterested umpire. The appraisers will state separately the **actual cash value** and the amount of the **loss.** If they fail to agree, they will submit the dispute to the umpire. An award in writing of any two will determine the amount of the **loss.** We and the **insured** will each pay his chosen appraiser and will bear equally the other expenses of the appraisal and umpire.

No. 1:14-cv-03069-RMP
MOTION TO COMPEL APPRAISAL OF LOSS OF USE – 4
P:\FILES\Langley, George  13168\Pleadings\Motion to Compel Appraisal of Loss of Use.doc

COLE | WATHEN | LEID | HALL, P.C.
303 Battery Street
Seattle, Washington  98121-1419
(206) 622-0494/Fax (206) 587-2476

1  ECF No. 6-A at 16 (emphasis in original).

2  Pursuant to the policy, if the parties "do not agree on the amount of loss, either may, within 60 days after proof of loss is filed, demand an appraisal of the loss." In compelling appraisal of the pre-loss value of the RV, this Court previously determined that plaintiff never filed a proof of loss. ECF No. 25 at 4. There is now a disagreement about both the pre-loss value of the RV and the value of plaintiff's loss of use of the RV, if any. Because a valuation dispute has arisen, GEICO seeks to have the May 28, 2015, appraisal include loss of use.

As this Court has recognized, appraisal is not "essentially a private arbitration" as contended by plaintiff. ECF No. 119 at 18. Compliance with the appraisal provision of the policy, when properly invoked as GEICO has done, is mandatory. The unambiguous policy language states that if the parties do not agree on "the amount of the loss" then the matter is subject to appraisal.

Plaintiff's expert and appraise produced a report detailing excessive loss of use damages. GEICO disputes these damages and demands appraisal under the policy. GEICO requested that plaintiff consent to inclusion of his loss of use damages in the appraisal, but plaintiff failed to respond. Therefore, GEICO respectfully requests this Court issue an order compelling appraisal of plaintiff's loss of use damages at the appraisal hearing currently set for May 28, 2015.

No. 1:14-cv-03069-RMP
MOTION TO COMPEL APPRAISAL OF LOSS OF USE – 5
P:\FILES\Langley, George  13168\Pleadings\Motion to Compel Appraisal of Loss of Use.doc

COLE | WATHEN | LEID | HALL, P.C.
303 Battery Street
Seattle, Washington  98121-1419
(206) 622-0494/Fax (206) 587-2476

## V. **CONCLUSION**

For the reasons stated above, GEICO respectfully requests that this Court enter an order compelling plaintiff to submit to appraisal of his loss of use damages at the May 28, 2015, appraisal hearing.

DATED this 24th day of April, 2015, in Seattle, Washington.

**COLE | WATHEN | LEID | HALL, P.C.**

/s/Rory W. Leid
Rory W. Leid, III, WSBA #25075

/s/Jonathan R. Missen
Jonathan R. Missen, WSBA #42689
Attorneys for Defendant GEICO
303 Battery Street
Seattle, WA 98121-1419
T: 206-622-0494 / F: 206-587-2476
rleid@cwlhlaw.com; jmissen@cwlhlaw.com

No. 1:14-cv-03069-RMP
MOTION TO COMPEL APPRAISAL OF LOSS OF USE – 6
P:\FILES\Langley, George  13168\Pleadings\Motion to Compel Appraisal of Loss of Use.doc

COLE | WATHEN | LEID | HALL, P.C.
303 Battery Street
Seattle, Washington  98121-1419
(206) 622-0494/Fax (206) 587-2476

# CERTIFICATE OF SERVICE

The undersigned makes the following declaration certified to be true under penalty of perjury pursuant to RCW 9A.72.085:

On the date given below, I hereby certify that I caused the foregoing to be filed using the United States District Court for Eastern District of Washington – Document Filing System (CM/ECF) and a true and correct copy to be delivered on the following in the manner indicated:

| **Plaintiff Counsel** | |
|---|---|
| David B. Trujillo<br>Law Offices of David B. Trujillo<br>4702A Tieton Drive<br>Yakima, WA 98908<br>(509) 972-3838<br>WSBA #25580 | [  ] Via Fax (509) 972-3841<br>[  ] Via ABC Legal Messenger<br>[  ] Via Email tdtrujillo@Yahoo.com<br>[  ] By Depositing Into U.S. Mail 1st Class Postage Pre-Paid<br>[X] Via ECF/Electronic Court Filing |
| **Plaintiff Counsel**<br>Kirk D. Miller<br>Kirk D. Miller, P.S.<br>421 W. Riverside Ave., Ste. 704<br>Spokane, WA 99201<br>(509) 413-1494<br>WSBA # 40025 | [  ] Via Fax<br>[  ] Via ABC Legal Messenger<br>[  ] Via Email<br>kmiller@millerlawspokane.com<br>[  ] By Depositing Into U.S. Mail 1st Class Postage Pre-Paid<br>[X] Via ECF/Electronic Court Filing |

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct

Executed this 24th day of April, 2015, at Seattle, Washington.

**COLE | WATHEN | LEID | HALL, P.C.**

/s/ Tami L. Foster

_____

Tami L. Foster, Legal Assistant
303 Battery Street
Seattle, WA 98121-1419
T: 206-622-0494 / F: 206-587-2476
tfoster@cwlhlaw.com

No. 1:14-cv-03069-RMP
MOTION TO COMPEL APPRAISAL OF LOSS OF USE – 7
P:\FILES\Langley, George  13168\Pleadings\Motion to Compel Appraisal of Loss of Use.doc

COLE | WATHEN | LEID | HALL, P.C.
303 Battery Street
Seattle, Washington  98121-1419
(206) 622-0494/Fax (206) 587-2476