The Honorable Judge Salvador Mendoza
Hearing Date: May 1, 2015
Trial Date: August 17, 2015

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| GEORGE TERRY LANGLEY,<br><br>            Plaintiff,<br><br>    v.<br><br>GEICO GENERAL INSURANCE COMPANY,<br><br>            Defendant. | No. 1:14-cv-03069-SMJ<br><br>**REPLY RE: MOTION TO COMPEL APPRAISAL OF PLAINTIFF'S LOSS OF USE DAMAGES**<br><br>**NOTE ON MOTION CALENDAR: May 1, 2015** |

### I.  REPLY

#### A.  Controlling Authority

The appraisal process affords parties an opportunity to select third parties to help determine an agreed-upon value of losses sustained by the insured.  5-53 New Appleman on Insurance Law Library Edition § 53.07 [2][b].  According to Appleman:

> A typical appraisal clause provides that where the insurer and insured fail to agree on the amount of the loss, either one can demand that the amount be set by appraisal. Each party must then select a competent, independent appraiser. The two party-selected appraisers then select a competent, impartial umpire. The party-selected appraisers then set the amount of the loss. If the appraisers

No. 1:14-cv-03069-RMP
REPLY RE: MOTION TO COMPEL APPRAISAL OF LOSS OF USE – 1
P:\FILES\Langley, George  13168\Pleadings\Reply Re Motion to Compel Appraisal of Loss of Use.doc

COLE | WATHEN | LEID | HALL, P.C.
303 Battery Street
Seattle, Washington  98121-1419
(206) 622-0494/Fax (206) 587-2476

1
2
3

fail to agree within a reasonable time, they must submit their differences to the impartial umpire. Written agreement signed by any two of these three parties then typically sets the amount of the loss.

4

5-53 New Appleman on Insurance Law Library Edition § 53.07 [2][b]

5
6
7
8
9
10
11

Nothing in Appleman restricts appraisal to the actual cash value of the vehicle. To the contrary, the appraisal process can vary based on the terms of the particular insurance policy. *Id.* Therefore, the terminology of the appraisal provision is interpreted in accordance with basic contract law principles. *Citizens Prop. Ins. Corp. v. M.A. & F.H. Props., Ltd.*, 948 So. 2d 1017 (Fla. Dist. Ct. App. 2007).

12

The GEICO appraisal provision is as follows:

13
14
15

SECTION III: PHYSICAL DAMAGE COVERAGES
CONDITIONS
6.  APPRAISAL

16
17
18
19
20
21

If **we** and the **insured** do not agree on the amount of **loss,** either may, within 60 days after proof of loss is filed, demand an appraisal of the **loss.** In that event, we and the **insured** will each select a competent appraiser. The appraisers will select a competent and disinterested umpire. The appraisers will state separately the **actual cash value** and the amount of the **loss.** If they fail to agree, they will submit the dispute to the umpire. An award in writing of any two will determine the amount of the **loss.** We and the **insured** will each pay his chosen appraiser and will bear equally the other expenses of the appraisal and umpire.

22

ECF No. 6-A at 16 (emphasis in original).

23

No. 1:14-cv-03069-RMP
REPLY RE: MOTION TO COMPEL APPRAISAL OF LOSS OF USE – 2
P:\FILES\Langley, George 13168\Pleadings\Reply Re Motion to Compel Appraisal of Loss of Use.doc

COLE | WATHEN | LEID | HALL, P.C.
303 Battery Street
Seattle, Washington 98121-1419
(206) 622-0494/Fax (206) 587-2476

According to the plain language of the provision, if there is a value dispute between the insured and the insurer regarding the amount of loss, not just the actual cash value of the pre-loss RV, either party may invoke appraisal.

### B.    Appraisal of Loss of Use is Expedient & Cost Effective

In the present case, plaintiff has retained Mr. Smith as both a damages expert and appraiser. In this unusual dual-capacity, Mr. Smith produced a loss of use report detailing plaintiff's claimed loss of use damages in excess of $156,000. These damages are inextricably linked to the loss of the RV. GEICO does not agree with plaintiff's valuation and requests appraisal of the amount of the loss to include plaintiff's alleged loss of use damages.

Appraising plaintiff's loss of use damages not only comports with the appraisal provision, it will resolve the issue expeditiously and with less cost to plaintiff. Plaintiff, Mr. Smith, and any of plaintiff's other witnesses can testify to loss of use at the currently scheduled appraisal hearing set for May 28, 2015, in Yakima, WA. There will be no need for anyone to travel outside the local area. There is similarly no need to set a separate appraisal hearing.

GEICO's experts Scott Twomey and Greg Volhontseff will offer testimony on both plaintiff's claimed loss of use damages and actual cash value. Because the exact same witnesses from both sides will testify to essentially the same facts,

No. 1:14-cv-03069-RMP
REPLY RE: MOTION TO COMPEL APPRAISAL OF LOSS OF USE – 3
P:\FILES\Langley, George  13168\Pleadings\Reply Re Motion to Compel Appraisal of Loss of Use.doc

COLE | WATHEN | LEID | HALL, P.C.
303 Battery Street
Seattle, Washington  98121-1419
(206) 622-0494/Fax (206) 587-2476

there is good cause to appraise plaintiff's claimed loss of use damages. There will be no delay of the hearing and plaintiff will pay no additional fees. To the extent plaintiff argues that GEICO is trying to stall, delay, or cause additional expense, plaintiff misconstrues GEICO's motion.

### C. Appraisal of Loss of Use Conserves Judicial Resources

Appraising plaintiff's claimed loss of use damages will also conserve limited judicial resources. If the amount of plaintiff's loss of use damages can be set outside litigation, trial will be streamlined and the jury will not waste time deliberating needless issues. In addition, there will be far less cost to plaintiff because far less expert testimony will be required.

### D. Reservation on Coverage Issue

Plaintiff argues that the policy does not cover loss of use damages: "There is no contractual coverage provided under the policy for lost usage or lost enjoyment or any lost transportation benefits." ECF No. 128 at 3. If plaintiff's interpretation of the policy is correct, GEICO may never have owed plaintiff a contractual duty to pay for loss of use of his RV. Further, contrary to plaintiff's contention that loss of use is a non-contractual claim, this Court ruled that loss of use is "inherently a matter of damages, which is not an independent claim." ECF No. 119 at 13.

No. 1:14-cv-03069-RMP
REPLY RE: MOTION TO COMPEL APPRAISAL OF LOSS OF USE – 4
P:\FILES\Langley, George  13168\Pleadings\Reply Re Motion to Compel Appraisal of Loss of Use.doc

COLE | WATHEN | LEID | HALL, P.C.
303 Battery Street
Seattle, Washington  98121-1419
(206) 622-0494/Fax (206) 587-2476

However, the issue of whether or not the policy covers loss of use is a question of law that is not before the Court at this time. The only issue before this Court is the valuation dispute regarding plaintiff's loss of use damages which is properly subject to appraisal. GEICO reserves the issue of whether or not plaintiff has a legal right to recovery for future determination, if necessary.

The appraisal provision at issue in this case states: "The appraisers will state separately the actual cash value <u>and the amount of the loss.</u>" ECF No. 122 at 2. Plaintiff contends this provision should be read so that the appraisal can only cover the pre-loss actual cash value of the plaintiff's RV. However, such a reading nullifies the remaining language requiring the appraisers to state separately both the actual cash value and the amount of loss. Plaintiff's reading does not give meaning to all the expressed terms within the provision. Therefore, it fails to comport with basic contract law principles of interpretation.

GEICO respectfully suggests its appraisal provision should be construed broadly to encompass damages arising as a direct consequence of a covered loss. Accordingly, appraisal is the appropriate process for determining plaintiff's loss of use damages because plaintiff's claim for loss of use damages arises as a direct consequence of a covered loss.

//

//

No. 1:14-cv-03069-RMP
REPLY RE: MOTION TO COMPEL APPRAISAL OF LOSS OF USE – 5
P:\FILES\Langley, George 13168\Pleadings\Reply Re Motion to Compel Appraisal of Loss of Use.doc

COLE | WATHEN | LEID | HALL, P.C.
303 Battery Street
Seattle, Washington 98121-1419
(206) 622-0494/Fax (206) 587-2476

## II. <u>CONCLUSION</u>

The parties do not agree on the amount of loss of use damages contemplated under the appraisal provision of the policy as a direct consequence of the covered loss. As such, GEICO respectfully moves this Court to include plaintiff's loss of use claim in the May 28, 2015, appraisal.

DATED this 30th day of April, 2015, in Seattle, Washington.

**COLE | WATHEN | LEID | HALL, P.C.**

/s/Rory W. Leid
Rory W. Leid, III, WSBA #25075

/s/Jonathan R. Missen
Jonathan R. Missen, WSBA #42689
Attorneys for Defendant GEICO
303 Battery Street
Seattle, WA 98121-1419
T: 206-622-0494 / F: 206-587-2476
rleid@cwlhlaw.com; jmissen@cwlhlaw.com

No. 1:14-cv-03069-RMP
REPLY RE: MOTION TO COMPEL APPRAISAL OF LOSS OF USE – 6
P:\FILES\Langley, George  13168\Pleadings\Reply Re Motion to Compel Appraisal of Loss of Use.doc

COLE | WATHEN | LEID | HALL, P.C.
303 Battery Street
Seattle, Washington  98121-1419
(206) 622-0494/Fax (206) 587-2476

# CERTIFICATE OF SERVICE

The undersigned makes the following declaration certified to be true under penalty of perjury pursuant to RCW 9A.72.085:

On the date given below, I hereby certify that I caused the foregoing to be filed using the United States District Court for Eastern District of Washington – Document Filing System (CM/ECF) and a true and correct copy to be delivered on the following in the manner indicated:

| | |
|---|---|
| **Plaintiff Counsel**<br>David B. Trujillo<br>Law Offices of David B. Trujillo<br>4702A Tieton Drive<br>Yakima, WA 98908<br>(509) 972-3838<br>WSBA #25580 | [ ] Via Fax (509) 972-3841<br>[ ] Via ABC Legal Messenger<br>[ ] Via Email tdtrujillo@Yahoo.com<br>[ ] By Depositing Into U.S. Mail 1st Class Postage Pre-Paid<br>[X] Via ECF/Electronic Court Filing |
| **Plaintiff Counsel**<br>Kirk D. Miller<br>Kirk D. Miller, P.S.<br>421 W. Riverside Ave., Ste. 704<br>Spokane, WA 99201<br>(509) 413-1494<br>WSBA # 40025 | [ ] Via Fax<br>[ ] Via ABC Legal Messenger<br>[ ] Via Email<br>kmiller@millerlawspokane.com<br>[ ] By Depositing Into U.S. Mail 1st Class Postage Pre-Paid<br>[X] Via ECF/Electronic Court Filing |

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct

Executed this 30th day of April, 2015, at Seattle, Washington.

**COLE | WATHEN | LEID | HALL, P.C.**

/s/ Tami L. Foster

Tami L. Foster, Legal Assistant
303 Battery Street
Seattle, WA 98121-1419
T: 206-622-0494 / F: 206-587-2476
tfoster@cwlhlaw.com

No. 1:14-cv-03069-RMP
REPLY RE: MOTION TO COMPEL APPRAISAL OF LOSS OF USE – 7
P:\FILES\Langley, George 13168\Pleadings\Reply Re Motion to Compel Appraisal of Loss of Use.doc

COLE | WATHEN | LEID | HALL, P.C.
303 Battery Street
Seattle, Washington 98121-1419
(206) 622-0494/Fax (206) 587-2476