UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GEORGE TERRY LANGLEY, | No.   1:14-CV-3069-SMJ |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION AND VACATING GRANT OF SUMMARY JUDGMENT** |
| GEICO GENERAL INSURANCE COMPANY, | |
| Defendant. | |

Before the Court, without oral argument, is Plaintiff George Langley's Motion for Reconsideration of the Court's April 10, 2015 Order, ECF No. 125. Plaintiff requests the Court to reconsider its decision to grant Defendant's Motion for Partial Summary Judgment, and allow Plaintiff's bad faith and Consumer Protection Act claims to proceed on their merits. Having reviewed the pleadings and the file in this matter, the Court is fully informed and grants the motion.

## I.    LEGAL STANDARD FOR RECONSIDERATION

A motion for reconsideration is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in

ORDER **-** 1

1    controlling law." *Sch. Dist. No. 1J v. AC&S, Inc.*, 5 F.3d 1255 at 1263 (9th Cir.

2    1993). "[A] motion for reconsideration should not be granted, absent highly

3    unusual circumstances." *389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665

4    (9th Cir. 1999). A motion for reconsideration may not be used to raise arguments

5    or present evidence for the first time when they could reasonably have been raised

6    earlier in the litigation. *Id.*; *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877,

7    890 (9th Cir. 2000). After reviewing the arguments and evidence available prior to

8    the grant of partial summary judgment, the Court finds that reconsideration is

9    appropriate in this case to rectify clear error.[1]

10   ## II.    PLAINTIFF'S BAD FAITH CLAIM

11   Summary judgment is appropriate if the "movant shows that there is no

12   genuine dispute as to any material fact and the movant is entitled to judgment as a

13   matter of law." Fed. R. Civ. P. 56(a). "If, however, reasonable minds could differ

14   that the insurer's conduct was reasonable, or if there are material issues of fact

15   with respect to the reasonableness of the insurer's action, then summary judgment

16

17   [1] The Court notes it also retains discretion to revisit partial summary judgment motions pursuant to Fed. R. Civ. P. 54(b). "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims . . . does not end the action as to any of the claims or parties and may

18   be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *Id.* Accordingly, a partial summary judgment order is not a final

19   judgment, but interlocutory in nature. *See, e.g.*, 11 Moore's Federal Practice § 56.130 (Matthew Bender 3d Ed.). A district court "retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such

20   is warranted." *American Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-515 (4th Cir. 2003).

ORDER **-** 2

1    is not appropriate." *Smith v. Safeco Ins. Co*., 150 Wn.2d 478, 486 (2003). In

2    partially granting Defendant's Motion for Partial Summary Judgment, ECF No.

3    65, the Court erroneously found the record established reasonable minds could not

4    differ that the insurer's conduct was reasonable. ECF No. 119. In fact, reasonable

5    minds could reach different opinions regarding the reasonableness of Defendant's

6    investigation.

7        A reasonable basis existed for Defendant to investigate Plaintiff's claim.

8    "Financial records of the insured are 'relevant and material' once the insurance

9    company has reason to broaden its investigation into the insured's possible

10   financial motive for overvaluing or misrepresenting his claim." *Keith v. Allstate*

11   *Indem. Co.*, 105 Wn. App. 251, 255 (2001) (citing *Tran v. State Farm Fire and*

12   *Casualty Co.*, 136 Wn.2d 214, 227 (1998)). However, the Court cannot say that,

13   as a matter of law, the duration or nature of Defendant's investigation was

14   reasonable as well.

15       The record and the pleadings available to the Court when it considered

16   Defendant's motion, as articulated in ECF No. 119, fail to demonstrate there is

17   "no genuine dispute as to any material fact and the movant is entitled to judgment

18   as a matter of law." Fed. R. Civ. P. 56(a). Plaintiff has offered receipts accounting

19   for the R.V.'s full alleged purchase price of $270,648, and has stated the same in

20   depositions. *See, e.g.*, ECF No. 6-4. Defendant, in support of the claim that its

ORDER **-** 3

1   investigation was reasonable as a matter of law, argues there is little support for

2   Plaintiff's claimed purchase price as well as other conditions of the sale and repair

3   of the R.V. ECF No. 65. These facts, which bear on "key issues in this case," ECF

4   No. 132-9, are contested. Indeed, Defendant's Motion for Partial Summary

5   Judgment admits "[t]he facts of the sale and the sale price are very much in

6   dispute." ECF No. 65.

7        To prevail on a motion for summary judgment, there "must be no disputed

8   facts pertaining to 'the reasonableness of the insurer's action in light of all the

9   facts and circumstances of the case.'" *Smith v. Safeco Ins. Co.*, 150 Wn.2d 478,

10  486 (2003) (quoting *Industrial Indem. Co. of the Northwest, Inc. v. Kallevig*, 114

11  Wn.2d 907, 920 (1990)). Reasonableness is a question of fact, *see, e.g., id.*, and

12  "should be determined as a matter of law only in the 'clearest cases.'" *Service*

13  *Chevrolet, Inc. v. Sparks*, 99 Wn.2d 199, 205 (1983) (quoting *Browning v. Ward*,

14  70 Wn.2d 45, 48(1966)). The facts surrounding Plaintiff's purchase of the R.V.

15  are disputed and, if material, do not justify dismissing Plaintiff's bad faith claim

16  as a matter of law.

17       Finally, "a showing of harm is an essential element of an action for bad

18  faith handling of an insurance claim." *Safeco Ins. Co. of Am. v. Butler*, 118 Wn.2d

19  383, 389 (1992). Without the element of damages, a tort action for bad faith

20  cannot survive. *Id.* Here, however, the Court has already found that "Plaintiff's

ORDER **-** 4

1    damages claim does not fail as a matter of law . . . ." ECF No. 119. Accordingly,

2    Defendant is not entitled to summary judgment on Plaintiff's bad faith claim.

3    ### III.    PLAINTIFF'S CONSUMER PROTECTION ACT CLAIM

4    In the Court's April 10, 2015 Order granting, *inter alia*, summary judgment

5    on this claim, the Court held that "there may well be technical violations of the

6    WAC, however, the Court is bound to the determination above that Defendant's

7    conduct was reasonable, which under Washington law preclude[s]  a finding by

8    this Court that the CPA was violated." ECF No. 119. As a result, Plaintiff's CPA

9    claim was dismissed. In light of the Court's current finding, that Defendant did

10   not act reasonably as a matter of law, Plaintiff's CPA claim must also be revisited.

11   To prevail on a CPA claim, Plaintiff must show: (1) an unfair or deceptive

12   act or practice; (2) in trade or commerce; (3) which affects the public interest; (4)

13   that injured the plaintiff's business or property; and (5) that the unfair or deceptive

14   act complained of caused the injury suffered.  *Hangman Ridge Training Stables,*

15   *Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784–85 (1986).  All five elements

16   must be established. *Id.*

17   "The CPA is to be liberally construed to serve its purpose, *i.e.*, to protect the

18   public, and foster fair and honest competition." *State Farm Fire and Cas. Co. v.*

19   *Huynh*, 92 Wn. App. 454, 458 (1998). The insurance commissioner has defined

20   several unfair methods of competition or unfair or deceptive acts or practices in

ORDER **-** 5

the business of insurance, which are codified in WAC 284-30-330. Committing any one of these acts or practices constitutes a per se "unfair or deceptive act or practice in trade or commerce that impacts the public interest." *James E. Torina Fine Homes, Inc. v. Mut. Of Enumclaw Ins. Co.*, 118 Wn. App. 12, 20-21 (2003). However, even where it is found that an insurer made a technical violation of WAC 284-30-330, an insurer's reasonable conduct is a defense to a claim of unfair act or practice under the CPA.  *Starczewski v. Unigard Ins. Co*., 61 Wn. App. 267, 273 (1991). As an element of every CPA action, the insured must also establish it was harmed by the insurer's conduct. *Coventry Assocs. v. Am. States Ins. Co.*, 136 Wn.2d 269, 276 (1998).

The Court has already determined "there may well be technical violations of the WAC," ECF No. 119, and "Plaintiff's damages claim does not fail as a matter of law . . . ." *Id.* Whether Defendant was entitled to summary judgment on Plaintiff's CPA claim therefore hinged on the reasonableness of Defendant's conduct as a complete defense. Now that the Court has found Defendant's conduct was not as a matter of law reasonable, Plaintiff's CPA claim must also be permitted to proceed on its merits.

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Plaintiff's Motion for Reconsideration of the Court's April 10, 2015 Order, **ECF No. 125**, is **GRANTED.**

ORDER **-** 6

1      **2.**     The Court's Order Granting in Part and Denying in Part Defendant's

2              Motions for Summary Judgment and Denying Motion for Sanctions,

3              **ECF No. 119**, is **VACATED IN PART**, as to the grant of summary

4              judgment on Plaintiff's bad faith and CPA claims.

5          **IT IS SO ORDERED.**   The Clerk's Office is directed to enter this Order

6    and provide copies to all counsel.

7          **DATED** this 26th day of May 2015.

8

9                         SALVADOR MENDOZA, JR.
                          United States District Judge

10

11

12

13

14

15

16

17

18

19

20

Q:\SMJ\Civil\2014\Langley v  Geico-3069\grant reconsider lc1 docx

ORDER **-** 7