UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GEORGE TERRY LANGLEY,<br><br>Plaintiff,<br><br>v.<br><br>GEICO GENERAL INSURANCE COMPANY,<br><br>Defendant. | No.   14-CV-3069-SMJ<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** |

Before the Court, without oral argument, is Defendant GEICO's Motion for Reconsideration of the Court's May 26, 2015 Order Granting Plaintiff's Motion for Reconsideration. ECF No. 150. Having reviewed the pleadings and the file in this matter, the Court is fully informed and denies the motion.

A motion for reconsideration is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. AC&S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665

ORDER **-** 1

1  (9th Cir. 1999). A motion for reconsideration may not be used to raise arguments

2  or present evidence for the first time when they could reasonably have been raised

3  earlier in the litigation. *Id.*; *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877,

4  890 (9th Cir. 2000).

5        Defendant's motion has not met this standard. The Court sufficiently

6  articulated the reasons for granting Plaintiff's Motion to Reconsider in its May 26,

7  2015 Order, and the Court finds no error in its decision. The Court agrees with

8  Defendant that a reasonable basis existed to investigate Plaintiff's claim.

9  However, the Court cannot say that, as a matter of law, the duration or nature of

10 Defendant's investigation was reasonable as well.

11       The record and the pleadings available to the Court when it considered

12 Defendant's motion, as articulated in ECF No. 119, fail to demonstrate there is

13 "no genuine dispute as to any material fact and the movant is entitled to judgment

14 as a matter of law." Fed. R. Civ. P. 56(a). Indeed, Defendant acknowledges that

15 "[t]he facts of the sale and the sale price are very much in dispute," ECF No. 65,

16 and that questions regarding "financing, ownership, [and] insurable interest" are

17 "key issues in this case." ECF No. 132 at 9. The factual uncertainties surrounding

18 these "key" issues demonstrate the movant is not entitled to judgment as a matter

19 of law.

20

ORDER **-** 2

Defendant's Motion for Reconsideration asserts there is not "sufficient evidence, argument, or authority, for this Court to now determine that there is not even a 'debatable issue' about GEICO's reasonableness." ECF No. 150 at 8. To the contrary, the Court has found that a variety of issues concerning GEICO's reasonableness are debatable, which is why the original grant of summary judgment was inappropriate and the Court granted Plaintiff's Motion for Reconsideration.

Accordingly, **IT IS HEREBY ORDERED**: Defendant's Motion for Reconsideration of the Court's May 26, 2015 Order Granting Plaintiff's Motion for Reconsideration, **ECF No. 150**, is **DENIED.**

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 7th day of July 2015.

_____
SALVADOR MENDOZA, JR.
United States District Judge