FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 15, 2016

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GEORGE TERRY LANGLEY, | No.    14-CV-3069-SMJ |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| GEICO GENERAL INSURANCE COMPANY, | |
| Defendant. | |

On August 11, 2016, the Court held a hearing on Plaintiff George Terry Langley's Motion for Partial Summary Judgment, ECF No. 264. This Order memorializes and supplements the Court's oral ruling.

## I.    INTRODUCTION

This case concerns an insurance claim filed for an RV that was destroyed by fire in 2013. George Langley, the insured, brought claims for (1) breach of contract/duty of good faith and fair dealing, (2) the tort of bad faith, (3) violation of the Consumer Protection Act (CPA), and (4) violation of the Insurance Fair Conduct Act (IFCA) against his insurer, GEICO, alleging that GEICO unreasonably delayed its investigation and made an unfairly low offer on Plaintiff's claim. Plaintiff moves

ORDER - 1

for summary judgment with respect to defendant's liability for each of these claims. Defendant opposes Plaintiff's motion on the basis that material issues of fact remain concerning its liability on each claim. Each of Plaintiff's claims turns on whether the nature and duration of GEICO's claim investigation was reasonable. The Court concludes material issues of fact remain concerning that issue. Accordingly, the Court denies Plaintiff's Motion for Partial Summary Judgement.

## II.    BACKGROUND

This case involves a Recreational Vehicle (RV) insured by GEICO. The RV was purchased with a salvage title by Sunwest through an online Co-Part auction for $50,500 on August 16, 2012. Sunwest allegedly repaired the vehicle and sold it to Plaintiff for $270,000. On April 18, 2013, Plaintiff purchased a GEICO insurance policy.

The RV caught fire and was fully destroyed on June 10, 2013. Later that day, Plaintiff made a claim to GEICO, for "the full amount of all the benefits and protections available under the comprehensive provisions of the Plaintiff's insurance policy." GEICO requested to examine Langley under oath. That examination occurred on August 12, 2013. GEICO requested additional records on August 22, 2013. GEICO sent Langley a coverage letter on February 19 2014, notifying Langley that it accepted his claim and would pay $50,500. Langley disputed this amount. On May 28, 2015, pursuant to the insurance contract, the

1  parties attended an appraisal hearing to determine the actual cash value of Langley's

2  motorhome.   After hearing testimony, the panel appraised the motor home at

3  $170,000. GEICO paid the full $170,000 appraisal award to Langley 60 days later,

4  on July 7, 2015.

5  ### III.    SUMMARY JUDGMENT STANDARD

6      Summary judgment is appropriate if the "movant shows that there is no

7  genuine dispute as to any material fact and the movant is entitled to judgment as a

8  matter of law." Fed. R. Civ. P. 56(a).  Once a party has moved for summary

9  judgment, the opposing party must point to specific facts establishing that there is

10  a genuine dispute for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). If

11  the nonmoving party fails to make such a showing for any of the elements essential

12  to its case for which it bears the burden of proof, the trial court should grant the

13  summary judgment motion. *Id.* at 322. "When the moving party has carried its

14  burden under Rule [56(a)], its opponent must do more than simply show that there

15  is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must

16  come forward with 'specific facts showing that there is a genuine issue for trial.'"

17  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)

18  (internal citation omitted). When considering a motion for summary judgment, the

19  Court does not weigh the evidence or assess credibility; instead, "the evidence of

20

ORDER - 3

the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## IV.    DISCUSSION

### A. Plaintiff is not entitled to summary judgment on his breach of contract/duty of good faith and bad faith claims.

An insurer has a duty of good faith to its policyholder, and violation of that duty may give rise to a tort action for bad faith. *Am. States Ins. Co. v. Symes of Silverdale Inc.*, 150 Wash.2d 462, 470 (2003). Plaintiff argues that GEICO breached this duty because its actions resulting in a significant delay in payment of the claim were not reasonably justified. ECF No. 264 at 3–5.

The Washington Supreme Court has articulated the following standard for resolving a bad faith claim on summary judgment:

> If the insured claims that the insurer denied coverage unreasonably in bad faith, then the insured must come forward with evidence that the insurer acted unreasonably. The policyholder has the burden of proof. The insurer is entitled to summary judgment if reasonable minds could not differ that its denial of coverage was based upon reasonable grounds. If, however, reasonable minds could differ that the insurer's conduct was reasonable, or if there are material issues of fact with respect to the reasonableness of the insurer's action, then summary judgment is not appropriate. If the insurer can point to a reasonable basis for its action, this reasonable basis is significant evidence that it did not act in bad faith and may even establish that reasonable minds could not differ that its denial of coverage was justified. However, the existence of some theoretical reasonable basis for the insurer's conduct does not end the inquiry. The insured may present evidence that the insurer's alleged reasonable basis was not the actual basis for its action, or that other factors outweighed the alleged reasonable basis.

*Smith v. Safeco Ins. Co.*, 150 Wash.2d 478, 486 (2003) (citations omitted). To prevail on a motion for summary judgment, there "must be no disputed facts pertaining to 'the reasonableness of the insurer's action in light of all the facts and circumstances of the case.'" *Id.* (*quoting Indus. Indem. Co. of the Northwest, Inc. v. Kallevig*, 114 Wash.2d 907, 920 (1990)).

### 1.  Disputed issues of fact remain concerning whether GEICO's investigation was unreasonable.

Plaintiff appears to argue that GEICO unreasonably caused additional delay by "us[ing] biased appraisers, withhold[ing] critical valuation evidence . . . [,] falsely trying to blame Plaintiff for that withholding, and . . . alleg[ing] that the certified rebuilt vehicle was never built at all . . . ." ECF No. 264 at 2. But Plaintiff cites to no evidence clearly supporting these claims, either in his motion or his statement of facts.

In his statement of facts, plaintiff does cite some evidence that generally supports his argument that GEICO unreasonably delayed the investigation of his claim. Specifically, that GEICO waited significantly more than 30 days after the claim before examining Langley, that GEICO's policies do not require prompt investigation of claims, and that the investigator in this case unreasonably delayed the investigation at several stages. ECF No. 266 at 4–6.

But Defendants point to numerous disputed facts pertaining to the reasonableness of its action. Defendant explains that its investigation was

ORDER - 5

necessary because of its duty to investigate fraud and because of a policy provision providing that "coverage is not provided to any person who intentionally conceals or misrepresents any material fact or circumstance relating [to the insurance]." ECF No. 271 at 7–8. As Defendant points out, and the Court has previously acknowledged, evidence in the record supports GEICO's arguments that it had reason to suspect fraud, that Plaintiff may have been withholding information, and that determining the value of work (if any) done on the RV was very difficult. ECF Nos. 119, 271. Given this evidence, Plaintiff has not demonstrated that, viewing the record in the light most favorable to Defendant, the duration of GEICO's investigation was unreasonable.

The Court concludes that material issues of fact remain concerning whether the duration and nature of GEICO's investigation was reasonable.

### 2. GEICO need not show that it was impossible to complete its investigation within 30 days.

Plaintiff also appears to argue that in light of Washington Administrative Code (WAC) 284-30-370, GEICO must demonstrate it was not possible to complete its investigation within 30 days. ECF No. 264 at 3. That regulation provides: "every insurer must complete its investigation of a claim within thirty days after notification of claim, unless the investigation cannot reasonably be completed within that time." WAC 284-30-370. First, the regulation does not provide that an insurance investigation may exceed 30 days only if it was "not

possible" to complete the investigation within that time; instead, it provides that the investigation may exceed 30 days only if the investigation cannot reasonably completed within that time. WAC 284-30-370. The issue is reasonableness, not impossibility. The court concludes that material issues of fact exist concerning whether GEICO reasonably could have completed its investigation within 30 days.

Additionally, for the purpose of a bad faith claim, the burden is on Plaintiff to establish that the insurer's action is "unreasonable, frivolous, or unfounded." *Am. States Ins. Co.*, 150 Wash.2d at 469–70.   Plaintiff cites no authority establishing that a violation of WAC 284-30-370 is a per se breach of duty for the purpose of a bad faith claim. The Court concludes that WAC 284-30-370 does not shift the burden of proof to a defendant insurer to prove the reasonableness of its actions for the purposes of a bad faith claim.

**B. Plaintiff is not entitled to summary judgment on his Consumer Protection Act Claim.**

To prevail on a CPA claim, Plaintiff must show: 1) an unfair or deceptive act or practice; 2) in trade or commerce; 3) which affects the public interest; 4) that injured the plaintiff's business or property; and 5) that the unfair or deceptive act complained of caused the injury suffered.  *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 784–85 (1986).  All five elements must be established.  *Id*.  With respect to an insurance denial claim, "[t]he insured must

ORDER - 7

also establish that the insurer acted 'without reasonable justification' in denying coverage. The test is not whether the insurer's interpretation is correct, but whether the insurer's conduct was reasonable." *Torina Fine Homes v. Mutual of Enumclaw Ins. Co.*, 118 Wash. App. 12, 21 (2003).

Plaintiff argues that GEICO violated WAC 284-30-370 and provisions of WAC 284-30-330, and that these violations constitute per se unfair and deceptive acts that are contrary to the public interest under the CPA. ECF No. 264 at 4–6. Plaintiff's argument fails for two reasons. First, material issues of fact exist concerning whether GEICO violated WAC 284-30-370 and Plaintiff has not explained how, or cited to facts showing, that GEICO violated certain provisions of WAC 284-30-330.[1] Second, even if Plaintiff established for purpose of summary judgment that GEICO made a technical violation of WAC 284-30-330 or 370, an insurer's reasonable conduct is a defense to a claim of an unfair act or practice under the CPA. *Starczewski v. Unigard Ins. Co.*, 61 Wash. App. 267 (1991). As discussed, material issues of fact exist concerning the reasonableness of GEICO's conduct.

---

[1] The court previously concluded that there "may well be technical violations of the WAC," ECF No. 119 at 13, but the Court has not found that GEICO violated any specific WACs.

ORDER - 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

**C. Plaintiff is not entitled to summary judgment on his Insurance Fair Conduct Act Claim.**

As the court has previously explained, to maintain a cause of action under the IFCA, Plaintiff must prove (1) an unreasonable denial of a claim for coverage, (2) an unreasonable denial of payment of benefits, or (3) a violation of WAC 284-30-330, 350, 360, 370, 380, or an unfair claim settlement practice rule adopted under Revised Code of Washington (RCW) 48.30.010 by the insurance commissioner that is codified in chapter 284-30 of the Washington Administrative Code.   RCW 48.30.015(1), (5). ECF No. 81 at 16.

The Court has already decided that that Plaintiff has not stated a denial of coverage claim. ECF No. 81 at 16. Plaintiff appears to argue that he is entitled to summary judgment on the basis of unreasonable denial of benefits and violation of WAC 284-30-370 and WAC 384-30-330. ECF No. 264. As discussed above, material issues of fact remain concerning whether GEICO's actions were reasonable and Plaintiff has not established that GEICO violated WAC 284-30-370 or provisions of WAC 284-30-330. Accordingly, Plaintiff is not entitled to summary judgment on this claim.

## V.    CONCLUSION

For the reasons discussed, **IT IS HEREBY ORDERED**: Plaintiff's Motion for Partial Summary Judgment, **ECF No. 264**, is **DENIED**.

ORDER - 9

1    **IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and

2    provide copies to all counsel.

3        **DATED** this 15th day of August 2016.

4                    _____

5                    SALVADOR MENDOZA, JR.
                    United States District Judge