FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 20, 2016

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

GEORGE TERRY LANGLEY,

Plaintiff,

v.

GEICO GENERAL INSURANCE COMPANY,

Defendant.

No. 1:14-CV-03069-SMJ

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING DAMAGES**

A bench trial was held August 15, 2016, through August 18, 2016. On August 18, 2016, after considering all of the evidence presented at trial and reviewing the portions of the record designated by the parties, the Court stated findings of fact and conclusions of law on the record pursuant to Federal Rule of Civil Procedure 52(a). The Court entered written findings of fact and conclusions of law on September 23, 2016, confirming and supplementing the Court's oral findings and conclusions. ECF No. 304. The Court concluded that GEICO breached its duty of good faith, violated Washington's Consumer Protection Act (CPA), and violated the Insurance Fair Conduct Act (IFCA) by making an unreasonable and unsupported $50,500 offer of settlement on February 19, 2014. But the Court requested additional briefing from the parties before reaching a decision on the amount of damages. This

order incorporates the Court's previously-entered findings of fact and conclusions of law, and addresses the issue of damages.[1]

## FINDINGS AND CONCLUSIONS ON DAMAGES

Langley argues that he is entitled to damages for (1) lost use and enjoyment of the RV; (2) loan interest payments; (3) emotional distress; (4) costs and fees; (5) treble damages under the IFCA; and (6) punitive damages under the CPA. ECF No. 305 at 1. GEICO argues that Langley is entitled only to damages in the amount of interest on the additional payment Langley received following appraisal of the RV. ECF No. 306 at 1–3. For the reasons discussed, the Court concludes that Langley is entitled to lost use damages based on daily rental rate for a replacement vehicle for the period of time between GEICO's unreasonable offer on February 19, 2014, and the date he received full payment following appraisal, June 16, 2015. The Court also concludes that punitive damages are appropriate under the IFCA and CPA.

### A. Lost Use

#### 1. Langley is entitled to lost use damages.

"Generally, the measure of damages in tort actions is the amount that will adequately compensate for the loss suffered as the direct and proximate result of the wrongful act." *Puget Sound Power & Light Co. v. Strong*, 816 P.2d 716, 717 (Wash.

---

[1] GEICO also moves to strike Exhibit 1 to Langley's supplemental brief in support of damages. ECF No. 307. Because this exhibit was not introduced as evidence at trial and, if construed simply as additional argument, would exceed the page limit for supplemental briefing, GEICO's motion is GRANTED. Exhibit 1 to Langley's supplemental brief, ECF No. 305-1, shall be stricken.

1991). And as this Court has already held, ECF No. 119 at 13, loss of use may be an appropriate form of damages where a tortious action deprives the plaintiff of use of a vehicle. *See Holmes v. Raffo*, 374 P.2d 536, 541 (Wash. 1962) ("The rule with respect to loss of use of an automobile is that the owner may recover, as general damages, the use value of which he is deprived because of the defendant's wrongful act."); *Straka Trucking, Inc. v. Estate of Peterson*, 989 P.2d 1181, 1182–83 (Wash. Ct. App. 1999) (holding that loss of use damages were permissible where commercial truck was destroyed in accident). Loss of use of property may also constitute damages under the CPA. *Griffin v. Allstate Ins. Co.*, 29 P.3d 777, 786 (Wash. Ct. App. 2001) (citing *Mason v. Mortgage Am., Inc.*, 792 P.2d 142, 148 (Wash. 1990)). Loss of use damages may be appropriate even where property is totally destroyed. *Straka Trucking*, 989 P.2d at 84. In that circumstance, the plaintiff may be compensated for the loss of use of a suitable replacement for the property until the time at which the tortfeasor tenders the full value of the destroyed property. *See id.*

GEICO argues that Langley is not entitled to damages for lost use of the RV because there was no credible evidence to support that he had any intention to use the RV. ECF No. 306 at 7. While it is true that at the time of the fire, Langley had not yet taken possession of the RV, the Court finds Langley's testimony credible that he did intend to take possession of the RV at some time shortly after the date

the fire occurred on June 10, 2013. Sunwest's final repairs to the RV in the spring of 2013, after the RV had been sitting over the winter, are consistent with the testimony of Walsh and Langley that Sunwest had been storing the RV over the winter for Langley, and that Langley intended to take possession of the vehicle and use it for travel beginning around the time the fire ultimately occurred.

GEICO attempts to distinguish this case from cases where the Defendant directly damaged or destroyed property. ECF No. 406 at 9–10. But GEICO entered into a contract with Langley to compensate Langley for the loss of his property if it was destroyed. GEICO was obligated to pay Langley the actual cash value of his damaged property. GEICO failed to do so, and instead made an unreasonably low offer to pay Langley's claim, in breach of its duty of good faith and in violation of the CPA and IFCA. GEICO's actions deprived Langley of the opportunity to obtain a suitable replacement for the property he lost in exactly the same manner as the actions of a party whose conduct had directly resulted in a vehicle being destroyed and who then failed or delayed compensating the vehicle's owner. *See Straka Trucking*, 989 P.2d at 1184.

The fact that Langley did not purchase or rent a replacement RV before receiving full payment from GEICO also does not bar him from receiving lost use damages. No evidence shows that Langley had the financial ability to replace the RV or rent a replacement during the period he was waiting for payment. *See Straka*

*Trucking*, 989 P.2d at 1183 (noting that plaintiff was not barred from recovering for loss of use where there was no evidence that he had the means to replace his destroyed truck or unreasonably delayed replacing the truck).

Accordingly GEICO's unlawful conduct proximately caused Langley's lost use of a suitable replacement for his destroyed RV, and he is entitled to reasonable compensation for that loss.

**2. The period of lost use is February 19, 2014, through June 16, 2015.**

Langley argues that he should be awarded damages for lost use between the time of GEICO's unreasonable offer on February 19, 2014, and the conclusion of trial on August 18, 2016. ECF No. 305 at 2. GEICO argues that if Langley is entitled to any loss of use damages, he should be awarded those damages only from the period between December 8, 2014 and when he received the remainder of the actual cash value of the RV following appraisal on June 16, 2015. ECF No. 306 at 9–10.

GEICO argues that between February 19, 2014 and December 8, 2014, Langley failed to mitigate his damages by failing to cooperate in the contractual appraisal process. ECF No. 306 at 4. Specifically, GEICO argues that it was forced to move to compel Langley to participate in the appraisal process. ECF No. 306 at 4–5. The Court rejects this argument because GEICO did not present evidence or argue at trial that Langley was responsible for delaying the appraisal process and thereby failed to mitigate damages. Additionally, even if the Court were to consider

this argument, GEICO did not first move to compel appraisal until July 1 2014, ECF No. 5, which the Court granted on August 29, 2016, ECF No. 25, and GEICO did not move to compel Langley's compliance with the appraisal until November 19, 2014, ECF No. 41. There is no substantial period of delay in the appraisal process between February 14, 2014, and December 8, 2014, that can be directly and conclusively attributed to Langley. Langley is entitled to lost use damages beginning on February 19, 2014.

The Court also rejects Langley's argument that he is entitled to loss of use damages for the period after he received payment following appraisal. Langley is entitled to receive damages only up to the time at which GEICO tendered the full value of the destroyed property. *See Straka Trucking*, 989 P.2d at 1184. That occurred on June 16, 2015, when GEICO paid the balance of the actual cash value of the RV as determined by the appraisal panel.

Accordingly, the Court finds that Langley is entitled to damages for loss of use of the destroyed RV for the period from February 19, 2014, to June 16, 2015.

**3. The appropriate measure of lost use is replacement daily rental rate.**

"Loss of use may be measured by (1) lost profit, (2) cost of renting a substitute chattel, (3) rental value of the plaintiff's own chattel, or (4) interest." *Straka*, 989 P.2d at 1183 (quoting Dan B. Dobbs, *Law of Remedies* § 5.15(1), at 875 (2d ed. 1993)). Langley argues that the proper measure of loss of use damages in

this circumstance is the daily rental value of a comparable RV. ECF No. 305 at 2, 4. This conclusion is based on Langley's expert, David Smith's, conclusion that the daily rate is the only fair way to compensate a victim for loss of use unless the victim knows how long the period of lost use will be in advance. ECF No. 305 at 4–5. The Court finds that daily rental value is an appropriate measure of loss of use value for a vehicle, and it is the only method supported by substantial evidence presented at trial.

**4. The amount of lost use damages is $207,269.64.**

As discussed, the Court finds that Langley should be awarded lost use damages for the period from February 19, 2014, to June 16, 2015—482 days. Langley's expert, David Smith, estimated the pre-loss value of the RV at $242,863.66, and determined that the daily rental cost of a similar vehicle was $614.33. GEICO did not present evidence to dispute this daily rental value. However, there is conclusive evidence that the value of the RV was not $242,863.66. The RV was valued by an appraisal panel at $170,000.00. Accordingly, the Court finds that it is appropriate to proportionally reduce the daily rental cost consistent with the difference between Smith's value estimate and the actual pre-loss value of the RV. The resulting daily rental cost is $430.02 (($170,000.00/$242,863.66) x $614.33). Accordingly, Langley's total loss of use damages are $207,269.64 ($430.02 per day x 482 days).

**B. Wasted Loan Interest Payments**

Langley argues that he is entitled to reimbursement for his monthly loan interest payments from February 19, 2014, until the conclusion of trial on August 18, 2016. ECF No. 305 at 5. Because Langley did not present any evidence that he continued to pay interest on the loan after February 19, 2014, or the amount of those payments, the Court has no basis on which to award such damages.

**C. Emotional Distress**

Langley argues that he is entitled to $100 per day from February 19, 2014, until the conclusion of trial on August 18, 2016 for lost peace of mind/emotional distress based on his lost opportunity to travel in the RV. ECF No. 305 at 2, 5–6. The Court finds credible Langley's testimony that he intended to use the RV to travel the country and that his ability to do so now may be diminished. However, the Court finds that Langley will be adequately compensated for this loss by damages for lost use, as discussed above. The Court declines to award additional damages for emotional distress.

**D. Attorney's fees.**

Either party may file an appropriate motion concerning fees following entry of judgment in this matter. Fed. R. Civ. P. 54(d).

**E. Treble Damages Under IFCA**

The IFCA provides that "[t]he superior court may, after finding that an insurer has acted unreasonably in denying a claim for coverage or payment of benefits or has violated subsection (5) of this section, increase the total award of damages to an amount not to exceed three times the actual damages." Wash. Rev. Code § 48.30.015(2). In passing the IFCA, the Washington legislature rejected several amendments that would have eliminated the treble damages provision, or created additional requirements for a plaintiff to obtain a treble damages award. *See* George M. Ahrend, *Legislative History of the Insurance Fair Conduct Act*, 49 Gonz. L. Rev. 431, 432–35 (2014). This legislative history suggests that the legislature felt that the treble damages provision provided a necessary deterrent to misconduct by insurers.

GEICO argues that treble damages are not appropriate here. ECF No. 306 at 12–14. GEICO correctly points out that a "grossly excessive punitive damages award may violate a defendant's right to due process under the Fourteenth Amendment." ECF No. 306 at 12. Factors courts consider in determining whether an award is excessive include: "(1) The degree of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages award by the jury and the civil penalties authorized or imposed in comparable

cases." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 418 (2003). GEICO argues that its conduct was not reprehensible. ECF No. 13. In support of this argument, GEICO notes that Plaintiff insisted that the RV was worth significantly more than what was ultimately awarded after arbitration, and thus arbitration likely would have been required even if GEICO offered to pay significantly more than it did. ECF No. 306 at 13.

GEICO's argument is unpersuasive. GEICO's actions were more serious here than simply a good faith, but unreasonably low, offer to settle a claim. It is clear from the evidence in this case that GEICO had concerns about the legitimacy of Langley's claim. But GEICO did not deny Langley's claim, it made the decision to afford coverage. Once GEICO decided to afford coverage for the claim, it was obligated to pay the actual cash value of the vehicle. GEICO's underlying concerns about the claim should not have factored in to what it decided to pay, but it is apparent that they did here. Indeed, GEICO acknowledged that it made its offer based on what it believed to be the "only arm's-length transaction"—the auction purchase by Sunwest—rather than considerations of the RV's actual value.

GEICO's actions here represent an unlawful method of evaluating and processing a claim. GEICO had concerns about the legitimacy a claim, and therefore made a low offer of settlement rather than properly separating its decision whether to afford coverage from its decision regarding the amount of payment. This

conduct has the potential to be repeated and to affect other consumers, and it is precisely the type of conduct the IFCA is intended to discourage.

The Court finds that GEICO has acted unreasonably in violating subsection (5) of the IFCA (by violating WAC 284-30-330(7)), and the Court finds that treble damages are appropriate. Accordingly, pursuant to Washington Revised Code section 48.30.015(2), the total damages award is increased to $621,808.92. This amount is three times the amount of actual damages, which includes only damages for lost use. *See Schreib v. Am. Family Mut. Ins. Co.*, 129 F. Supp. 3d 1129, 1141 (excluding attorney's fees and costs from actual damages under the IFCA).

**F. Punitive Damages Under CPA**

The CPA provides that "the court may, in its discretion, increase the award of damages up to an amount not to exceed three times the actual damages sustained: Provided, that such increased damage award . . . may not exceed twenty-five thousand dollars." Wash. Rev. Code 19.86.090. For the same reasons that treble damages are appropriate under the IFCA, the Court imposes $25,000 in punitive damages under the CPA. However, GEICO's violation of the IFCA and CPA resulted from the same substantive conduct. Because the IFCA caps the total damage award at three times actual damages, the court finds that the punitive damage award under the CPA should not be cumulative to the IFCA punitive

damages. Accordingly, the CPA punitive damage award is included within the total damage amount of $621,808.92.

Accordingly, **IT IS HEREBY ORDERED**:

**1.** GEICO's Motion to Strike ECF No. 305-1, **ECF No. 307**, is **GRANTED**.

**2.** Plaintiff George Terry Langley is awarded **$621,808.92** in total damages, plus costs, against Defendant GEICO General Insurance Company.

**3.** The Clerk's Office is directed to enter judgment in accordance with this Order and the Court's Findings of Fact and Conclusions of Law entered September 23, 2016, ECF No. 304.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 20th day of December 2016.

SALVADOR MENDOZA, JR.
United States District Judge